[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 10, 2006
THOMAS K. KAHN
CLERK

No. 05-15867
Non-Argument Calendar

_____

D. C. Docket No. 04-00258-CV-J-25MCR

LARAE BRYANT,

                                                    Plaintiff-Appellee,

versus

JARED WITKOWSKI,
DAVID CHAPPELL,
Deputy Sheriffs, individually and in their
official capacity,

                                                    Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 10, 2006)**

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

Jared Witcowski and David Chappell (the "officers") appeal the district court's denial of summary judgment to them in Larae Bryant's 28 U.S.C. § 1983 suit against them in their individual capacities for injuries she sustained during the booking process after her arrest for disorderly intoxication.[1] Ms. Bryant alleges that the officers used excessive force, in violation of her Fourth and Fourteenth Amendment rights, in "taking her down" while she was in custody.[2] The officers contend that the force that they employed was reasonable in light of Ms. Bryant's physical resistance to their efforts to search and fingerprint her. They contend that Ms. Bryant was attempting to kick the officers and succeeded in kicking one of them.

The district court examined the officers' use of force under the framework outlined in *Graham v. Conner*, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872-73 (1989), which holds that the Fourth Amendment is violated when an officer's use of force is "objectively unreasonable" in light of the totality of the circumstances surrounding such use. The district court concluded that a factual issue existed whether Ms. Bryant was actively and physically resisting the officers' attempts to search her and

---

[1] Ms. Bryant filed a motion to dismiss this appeal for lack of appellate jurisdiction. We deny this motion, as we have jurisdiction at this stage in the proceedings to review the district court's denial of the officers' qualified immunity defense. *See Jackson v. Sauls*, 206 F.3d 1156, 1164 (11th Cir. 2000); *Smith v. Mattox*, 127 F.3d 1416, 1419 (11th Cir. 1997).

[2] Ms. Bryant also asserted state-law claims against the officers, and the district court denied the officers' motions, based on state-law official immunity, for summary judgment on those claims. The officers do not appeal these denials, and we express no opinion on them.

fingerprint her after her arrest, and thus whether the officers acted reasonably in "taking her down." We agree that this disputed factual issue precludes summary judgment for the officers on liability.

The district court also held that the officers were not entitled to qualified immunity "at this time" for their actions. State actors sued in their individual capacities for actions taken as part of their official duties are entitled to qualified immunity if their conduct does not violate clearly established rights. *Smith v. Mattox*, 127 F.3d 1416, 1419 (11th Cir. 1997). The officers here are entitled to this immunity unless the law as it stood on the day of Ms. Bryant's arrest would compel, not merely suggest, the conclusion that the officers' conduct in taking her down would violate the plaintiff's rights. *Hudson v. Hall*, 231 F.3d 1289, 1294 (11th Cir. 2000).

To determine whether an officer is entitled to qualified immunity, the court must first determine whether the officer has violated the plaintiff's rights. *See id.* If the officer has not violated the law at all, he could not possibly have violated clearly established law. *Id.* The district court determined that genuine issues of material fact existed as to whether the officers violated Ms. Bryant's rights under the Fourth and Fourteenth Amendments, and the court concluded that the officers were not entitled to qualified immunity at the summary judgment stage. We affirm the district court's denial of summary judgment on the qualified immunity issue, but we note that the

3

court may revisit the issue of qualified immunity if the jury finds (for example, through special interrogatories) that Ms. Bryant was actively and physically resisting arrest and trying to kick the officers during the booking process. *See Smith*, 127 F.3d at 1420.

AFFIRMED.